IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY LEE MULLINS | § | |
| v. | § | CIVIL ACTION NO. 6:11cv318 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Timothy Mullins, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mullins was convicted of murder in the 173rd Judicial District Court of Henderson County, Texas, receiving a sentence of life imprisonment. The facts showed that Mullins shot his companion Susie Strong four times as she sat in a recliner in his home, and then shot himself. In his petition, Mullins complained that his attorney, James Mills, was ineffective for abandoning the defense of insanity, Mills did not present any mitigating evidence at punishment and did not challenge Mills' confession, Mullins was denied due process when the trial court did not appoint a psychiatrist as an expert for the defense, Mills failed to object to prosecutorial misconduct, and Mullins received ineffective assistance of counsel on appeal.

The Magistrate Judge ordered the Respondent to answer the petition, and Mills did not file a response to the answer. The Magistrate Judge also received copies of the state court records.

After reviewing the pleadings and records in the case, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge noted Mullins' lengthy history of mental problems, but observed that an examination by Dr. Paul Andrews found him competent, and an examination by Dr. Thomas Allen had concluded that he was sane. In addition, the Magistrate Judge noted that Mullins' statement to the law enforcement personnel indicated that the shooting had been premeditated; in fact, Mullins said that had purchased the gun several days earlier for the purpose of shooting Strong. The Magistrate Judge said that the state court, in denying relief, had implicitly credited Mills' affidavit, and that according to Dr. Allen, the tests given to Mullins indicated a likelihood over 90 percent that Mullins was feigning mental illness. In addition, Mullins offered nothing to show that he was actually insane at the time of the commission of the offense or that he did not know that what he was doing was wrong.

Although Mullins complained that Mills presented no mitigating evidence at the punishment phase, the record shows that Mullins testified at punishment, as did both of his parents. In his closing argument, Mills stressed the evidence which he had presented of Mullins' good qualities, including evidence of thoughtfulness and responsibility showing that Mullins had gone to great lengths to care for Strong. The Magistrate Judge also observed that the decision not to put on evidence of Mullins' history of mental problems at the punishment phase was a strategic choice made by counsel, and that Mullins had not overcome the strong presumption that this strategic choice was reasonable.

With regard to his confession, Mullins stated that he told the detectives that he was a mental patient, that he was hearing voices in his head telling him to kill Strong and himself, that the detectives asked "leading questions" to which he was would agree in order to get the questioning over with, and that he was so heavily medicated that the detectives had to tell him several times to "wake up" during the interview. The Magistrate Judge set out the complete text of Mullins' statement as it appears in the record, and this statement does not bear out any of these assertions. In the statement, Mullins makes no mention of any voices in his head or any mention of being a

mental patient other than one brief allusion to "I was convicted by reason of insanity, so I don't know how far this will go without a lawyer being present."

The Magistrate Judge concluded that Mullins' one brief allusion to a lawyer was not enough to invoke his right to assistance of counsel and that Mullins did not show that but for the failure to file a motion to suppress the confession, the result of the proceeding would probably have been different.

Similarly, the Magistrate Judge determined that Mullins had not demonstrated that his sanity at the time of the offense would be a significant factor at trial, as required for appointment of a psychiatrist under Ake v. Oklahoma, 470 U.S. 68 (1985), nor had he shown that but for this failure, the result of the proceeding would probably have been different. Although Mullins challenges the veracity and admissibility of Dr. Allen's report, he failed to show that this report or the conclusions which Dr. Allen reached would have been inadmissible at trial.

The Magistrate Judge next determined that Mullins had failed to show prosecutorial misconduct, and thus did not demonstrate ineffective assistance of counsel when Mills failed to lodge an objection. Finally, the Magistrate Judge determined that Mullins did not receive ineffective assistance of counsel on appeal because he did not show that had counsel performed differently, there would have been revealed issues and arguments of merit in the appeal.

Mullins filed objections to the Magistrate Judge's Report on April 23, 2012. These objections largely restate the allegations of the complaint and make few if any references to the Magistrate Judge's Report.

Mullins contends first that counsel should have reviewed his history of mental problems, listing some of these prior problems. He says that the assertions of Mills' affidavit are not true, without alluding to the Magistrate Judge's finding that these assertions were implicitly credited by the state court in denying relief, and denying that he was ever examined by Dr. Allen, although he does recall a "conversation" with Dr. Allen. He argues that there is a "reasonable probability" that

he would have been found insane, based on his prior history, but points to no facts showing that he was actually insane at the time of the commission of the offense. These objections are without merit.

In his second objection, Mullins again complains of the failure to present mitigating evidence at trial. He does not allude to the Magistrate Judge's conclusion that Mills put on mitigating evidence from both of Mullins' parents; rather, he asserts that "counsel did not put on testimony of Mullins and his family members who were available to testify," an assertion which is belied by the court records. He argues that but for the failure to put on mitigating evidence, the result of the proceeding might have been different, ignoring the mitigating evidence which the Magistrate Judge discussed. This objection is without merit.

Third, Mullins discusses the failure to challenge his confession. He says that he told counsel that the detectives had to tell him to "wake up" and says that he asked the detectives if they thought he needed a lawyer and they told him that they already knew what had happened and just needed him to verify the facts. Mullins also says that he told counsel that many of the statements he made were conclusions suggested by the detectives and that "they went over the story a few times" before turning on the recorder. The Magistrate Judge noted that none of these assertions are borne out by the transcript of the interview, nor does this transcript show that Mullins was not mentally coherent during the interview. Mullins offers the blanket statement that had a motion to suppress been filed, it would have been granted, but offers nothing to support this conclusion; his objections do not even mention the fact that his claims are not supported by the transcript.

In his fourth and final objection, Mullins says that the trial court had sufficient knowledge upon which to appoint a psychiatrist for the defense. He again argues that Dr. Allen's report should not be considered, saying that it was never presented to or filed with the trial court, the district clerk's office, or defense counsel, and was not included in the appellate record; he does not mention the Magistrate Judge's statement that Allen's report itself showed that it had been sent to the trial judge, with a copy for the prosecutor and a copy for defense counsel. Nor does Mullins address the Magistrate Judge's conclusion that he failed to show the trial court that his sanity at the time of the

offense - as distinguished from mental health problems in the past - was likely to be a significant factor at trial. *See* <u>Volson v. Blackburn</u>, 794 F.2d 173, 176 (5th Cir. 1986) (the obligation to appoint a psychiatrist arises once the defendant demonstrates that his sanity at the time of the offense will be a significant factor at trial, but conclusional assertions that the defendant "was unable to understand the difference between right and wrong at the time of the offense" are not sufficient). Nor did Mullins address the Magistrate Judge's conclusion that he failed to show harm in this regard, because the findings of a disinterested expert, Dr. Allen, indicated that sanity would not be a significant factor at the trial. Mullins' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto.[1] Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

---

[1] Mullins did not object to the Magistrate Judge's recommended findings and conclusions regarding his claims of prosecutorial misconduct and denial of effective assistance of counsel on appeal; accordingly, he is barred from *de novo* review by the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

**So ORDERED and SIGNED this 3rd day of May, 2012.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**